**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:17-cv-0022** |
| | ) | |
| **TWO (2) PAIRS OF NIKE AIR JORDAN** | ) | |
| **SNEAKERS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

   **BEFORE THE COURT** is Plaintiff United States of America's Motion for Default Judgment. (ECF No. 13). For the reasons stated below, the Court will deny the motion without prejudice.

## I.  FACTUAL AND PROCEDURAL HISTORY

   On September 20, 2016, United States Customs and Border Protection ("CBP") in St. Thomas seized two pairs of Nike Air Jordan Sneakers (the "Defendant Property") from an international mail shipment bearing package number LT037165626CN after an inspection of that package. *See* Am. Verified Compl. of Forfeiture in Rem at ¶ 2, ECF No. 2; Decl. of Richard Hughes at ¶¶ 7-9, 11, ECF No. 2-1.

   On April 10, 2017, the United States filed a verified complaint in this Court seeking forfeiture *in rem* of the Defendant Property pursuant to 18 U.S.C. §§ 981, 983, and 2323. Thereafter, on April 25, 2017, the United States filed an amended verified complaint.

   On July 3, 2019, after entry of default by the Clerk of Court, the United States moved for default judgment as to the Defendant Property.

## II.  LEGAL STANDARD

   Federal Rule of Civil Procedure 55(b)(2) allows courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *Anchorage Assoc. v. V.I. Bd. Of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). In the context of a forfeiture action *in rem*, a court considering default judgment should also consider a party's adherence to the procedural requirements set forth by the Civil Asset

*United States v. Two (2) Pairs of Nike Air Jordan Sneakers*
Case No. 3:17-cv-0022
Order
Page 2

Forfeiture Reform Act of 2000, 18 U.S.C. § 983, and the Supplemental Rules of Certain Admiralty and Maritime Claims (the "Supplemental Rules"). *See United States v. $191,910.00*, 16 F.3d 1051, 1069 (9th Cir. 1994) (explaining that, because civil forfeiture is a "harsh and oppressive procedure which is not favored by the courts," the government carries the burden of demonstrating its strict adherence to procedural rules); *United States v. $38,000.00 in United States Currency*, 816 F.2d 1538, 1547 (11th Cir. 1987) ("Forfeitures are not favored in the law; strict compliance with the letter of the law by those seeking forfeiture must be required.").

Rule G of the Supplement Rules governs forfeiture actions *in rem* arising from federal statutes. With respect to notice requirements, Rule G in pertinent part provides:

(b) Notice to Known Potential Claimants

(i) Direct Notice Required. The government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government . . ..

Fed. R. Civ. P. Supp. R. G(4).

## III. <u>DISCUSSION</u>

In support of its motion for default judgment, the United States directs the Court to the Amended Verified Complaint for Forfeiture *in Rem*, ECF No. 2; the Warrant of Arrest in Rem, ECF No. 4; the Declaration of Sansara Cannon, ECF No. 10-1; and the Clerk of Court's Entry of Default, ECF No. 12. The evidence presented by the United States indicates that Luwanda Chandler ("Chandler") was the importer of the Defendant Property. The evidence also indicates that, prior to the initiation of this forfeiture action, CBP sent notice of the seizure of the Defendant Property to Chandler. In response, Chandler sent a form requesting that the government file a complaint for forfeiture of the Defendant Property in which she asserted that she paid for the Defendant Property.

Significantly, pursuant to Rule G(4)(b), the United States is required to send notice to any person who reasonably appears to be a potential claimant on the facts known to the government. The United States asserts in its brief that "[Luwanda] Chandler is the only known potential claimant to the defendant property." *See* Mem. of Law in Supp. of Mot. for Default J. of Forfeiture in Rem at 3, ECF No. 14. While the evidence outlined above is

*United States v. Two (2) Pairs of Nike Air Jordan Sneakers*
Case No. 3:17-cv-0022
Order
Page 3

consistent with that assertion, the United States has not presented any direct evidence to the Court regarding the existence or non-existence of other potential claimants.[1] The Court is hesitant to grant default judgment where the United States has not presented direct evidence demonstrating its strict compliance with Rule G(4)(b). *Cf. Sourcecorp Inc. v. Croney*, 412 F. App'x 455, 459 (3d Cir. 2011) (citation omitted) ("Default judgments are disfavored in our Circuit and the notice procedure created by Rule 55 is integral to ensuring that litigants' rights are adequately protected.").

The premises considered, it is hereby

**ORDERED** that the motion of the United States, ECF No. 13, for default judgment is **DENIED** without prejudice.

**Dated: May 15, 2020**                                    s/ Robert A. Molloy
                                                                          **ROBERT A. MOLLOY**
                                                                          **District Judge**

---

[1] Assertions by counsel in a brief are not evidence. Indeed, in other forfeiture actions, the United States has declared under penalty of perjury that certain potential claimants were the only known potential claimants in those actions.