## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:17-cv-0022 |
| ) | |
| **TWO (2) PAIRS OF NIKE AIR JORDAN** ) | |
| **SNEAKERS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**ATTORNEYS:**

**Gretchen Shappert, United States Attorney**
**Jocelyn Hewlett, AUSA**
**Sansara Cannon, AUSA**
United States Attorney's Office
St. Thomas, VI
    *For the United States of America.*

## JUDGMENT

Before the Court is the second motion of the United States for default judgment. (ECF No. 17). For the reasons stated below, the Court will grant default judgment in favor of the United States.

### I. FINDINGS OF FACT

1. On September 20, 2016, United States Customs and Border Protection ("CBP") in St. Thomas seized two pairs of Nike Air Jordan Sneakers (the "Defendant Property") from an international mail shipment bearing package number LT037165626CN after an inspection of that package. *See* Amended Verified Complaint at ¶ 2, ECF No. 2; Decl. of Richard G. Hughes at ¶¶ 7-9, 11, ECF No. 2-1.

2. The Defendant Property is counterfeit and marked with counterfeit Nike Jordan trademarks. Decl. of Richard G. Hughes at ¶¶ 9-10, ECF No. 2-1.

3. The Manufacturer's Suggested Retail Price for an original and genuine pair of Nike Jordan shoes is $125. *Id.* at ¶ 9.

4. The information for the international mail shipment bearing package number LT037165626CN indicated that the importer of the shipment was Luwanda Chandler ("Chandler"). *See* Decl. of Richard G. Hughes at ¶ 7, ECF No. 2-1.

5. On October 12, 2016, notice of the administrative seizure was mailed to Chandler at 6513 Barbados Circle, Unit 4, St. Thomas, V.I. 00802. *See* Decl. of Joycelyn Hewlett at ¶ 6, ECF No. 19; Ex. B to the Decl. of Joycelyn Hewlett, ECF No. 19-2. Chandler responded by filing a claim requesting that CBP refer the case for court action. *See* Decl. of Joycelyn Hewlett at ¶ 6, ECF No. 19; Ex. 2 to the Mem. of Law in Supp. of Mot. for Default J. of Forfeiture In Rem, ECF No. 14-2. Chandler's response indicated that her address is 6513 Barbados Circle, Unit 4, St. Thomas, V.I. 00802. *Id.*

6. On April 10, 2017, the United States filed a verified complaint in this Court seeking in rem forfeiture of the Defendant Property. Thereafter, on April 25, 2017, the United States filed an amended verified complaint in this Court seeking in rem forfeiture of the Defendant Property. The amended verified complaint alleges that: (1) the Defendant Property was seized during a search of international mail shipments at the Aubrey C. Ottley Post Office in St. Thomas, U.S. Virgin Islands; (2) the seized Defendant Property was seized "pursuant to 18 U.S.C. § 2323 (forfeiture of counterfeit goods) for a violation pursuant to 18 U.S.C. § 2320 (trafficking counterfeit goods)"; (3) as a result, the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 2323; (4) "[t]he Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355"; and (5) "[v]enue is proper in this district pursuant to 28 U.S.C. § 1395. ECF No. 2, at ¶¶ 1-10; Decl. of Richard G. Hughes at ¶ 11, ECF No. 2-1.

7. On May 8, 2017, the Clerk of Court issued a warrant of arrest in rem. *See* Warrant of Arrest In Rem, ECF No. 4. Allen E. Smith executed the warrant and accepted service on behalf of the United States. *See id.*

8. On May 18, 2017, the United States sent a written notice of civil forfeiture, via certified mail, to Chandler at 6513 Barbados Circle, Unit 4, St. Thomas, V.I. 00802. *See* Decl. of Joycelyn Hewlett, ECF No. 19, at ¶ 5. The notice was dated as of that date. *See* Ex. A to the

9. Mot. for Entry of Default at 1, ECF No. 10-2. The notice was delivered on May 23, 2017. *See id.* at 3.

9. The notice sent to Chandler included a copy of the verified complaint; a copy of the warrant of arrest *in rem*; specified that a claim for the property must be filed by no later than May 3, 2016, 35 days after the notice was sent; specified that an answer or motion pursuant to Federal Rule of Civil Procedure 12 must be filed by no later than 21 days after the filing of the claim; and identified Jocelyn Hewlett as the government attorney to be served with the claim and answer. *See id.* at 1-2.

10. No other potential claimants are known to the United States. *See* Decl. of Joycelyn Hewlett, ECF No. 19, at ¶ 7.

11. No claims have been filed in this matter.

12. Chandler is not an infant, incompetent, or in active military service. *See id.* at ¶ 11; Ex. C to the Decl. of Joycelyn Hewlett, ECF No. 19-3.

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 55(b)(2) allows courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *Anchorage Assoc. v. V.I. Bd. Of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). Default judgment is only appropriate where a plaintiff's well-pleaded facts, taken as true, demonstrate that the plaintiff is entitled to relief. *See, e.g., City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 n. 23 (2d Cir. 2011) ("Most of our sister circuits appear to have held expressly that a district court may not enter a default Judgment unless the plaintiff's complaint states a valid facial claim for relief."). "But while a defaulted defendant is deemed to 'admit the plaintiff's well-pleaded allegations of fact,' he 'is not held to admit facts that are not well-pleaded or to admit conclusions of law.' " *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (alteration omitted) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

In the context of a forfeiture action *in rem*, a court considering default judgment should also consider a party's adherence to the procedural requirements set forth by the Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. § 983, and the Supplemental Rules of

Certain Admiralty and Maritime Claims (the "Supplemental Rules"). *See United States v. $191,910.00*, 16 F.3d 1051, 1069 (9th Cir. 1994) (explaining that, because civil forfeiture is a "harsh and oppressive procedure which is not favored by the courts," the government carries the burden of demonstrating its strict adherence to procedural rules); *United States v. $38,000.00 in United States Currency*, 816 F.2d 1538, 1547 (11th Cir. 1987) ("Forfeitures are not favored in the law; strict compliance with the letter of the law by those seeking forfeiture must be required.").

A motion for entry of default judgment must also contain evidence of the following: (1) that all pleadings were validly served upon the defendant; (2) that the defendant has not appeared; (3) that default was entered; (4) that the defendant is not an infant or incompetent; (5) an affidavit of non-military service; and (6) the amount of judgment and how it was calculated. *See Nationstar Mortg., LLC v. Florio*, No. CV 2012-0033, 2014 WL 2976232, at *3 (D.V.I. July 1, 2014). In addition, the Court must consider three factors when determining whether to grant a default judgment: "(1) [the] prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

### III. DISCUSSION

Title 18, Section 2323 of the United States Code provides that "[a]ny property used, or intended to be used, in any manner or part to commit or facilitate the commission of an offense" under 18 U.S.C. § 2320 is subject to forfeiture to the United States Government. Title 18, Section 2320 of the United States Code prohibits the trafficking of counterfeit goods.

In a civil forfeiture action, the complaint must "be verified"; "state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue"; "describe the property with reasonable particularity"; "if the property is tangible, state its location when any seizure occurred and--if different--its location when the action is filed"; "identify the statute under which the forfeiture action is brought"; and "state

sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2).

An arrest warrant must also be issued for the property if the property is not real property. *See* Fed. R. Civ. P. Supp. R. G(3)(b). If the property is within the possession, custody, or control of the United States, "the clerk must issue a warrant to arrest the property . . . ." *See* Fed. R. Civ. P. Supp. R. G(3)(b)(i).

> The warrant and any supplemental process must be delivered to a person or organization authorized to execute it, who may be: (A) a marshal or any other United States officer or employee; (B) someone under contract with the United States; or (C) someone specially appointed by the court for that purpose.

*See* Fed. R. Civ. P. Supp. R. G(3)(c)(i).

Notice by publication is required unless: "the defendant property is worth less than $1,000 and direct notice is sent under Rule G(4)(b) to every person the government can reasonably identify as a potential claimant." *See* Fed. R. Civ. P. Supp. R. G(4)(a)(i)(A). Rule G(4)(b) requires the Government to "send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government." Fed. R. Civ. P. Supp. R. G(4)(b)(i). That notice must indicate: "the date when the notice is sent"; "a deadline for filing a claim, at least 35 days after the notice is sent"; "that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim"; and "the name of the government attorney to be served with the claim and answer." Fed. R. Civ. P. Supp. R. G(4)(b)(ii). "The notice must be sent by means reasonably calculated to reach the potential claimant." Fed. R. Civ. P. Supp. R. G(4)(b)(iii)(A). "Notice to a person from whom the property was seized who is not incarcerated when notice is sent may be sent to the last address that person gave to the agency that seized the property." Fed. R. Civ. P. Supp. R. G(4)(b)(iii)(E).

The Court's factual findings establish that the United States is entitled to a default judgment of forfeiture in this action. In addition, the Court finds that: (1) the United States would be prejudiced if no default judgment were entered because it has shown that it is entitled to forfeiture; (2) no litigable defense is apparent on the record; and (3) it appears

that the non-appearing party is responsible for her failure to appear in this action. As such, the *Chamberlain* factors weigh in favor of entering a default judgment.

The premises considered, it is hereby

**ORDERED** that the motion of the United States, ECF No. 17, for default judgment is **GRANTED;** it is further

**ORDERED** that the Defendant Property is **FORFEITED** to the Government; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.


**Dated:** May 21, 2020                    s/      *Robert A. Molloy*
                                                   **ROBERT A. MOLLOY**
                                                   **District Judge**